UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

№ 20-CV-1320 (ENV) (RER)
———————————————

TD BANK, N.A.,

Plaintiff,

VERSUS

CONCEPCION CONSTRUCTION INC. AND BESNIK GASHI,

Defendants.
———————————————

**Report & Recommendation**

June 15, 2021
———————————————

**To the Honorable Eric N. Vitaliano,
Senior United States District Judge**

RAMON E. REYES, JR., U.S.M.J.:

TD Bank, N.A. ("TD Bank" or "Plaintiff") brings this action against Concepcion Construction Inc. ("Concepcion") and Besnik Gashi ("Gashi") (collectively, "Defendants") pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 ("Compl.") ¶ 4). TD Bank seeks to recover for "chargebacks" that accrued on Defendants' merchant account in breach of the parties' agreement. (*Id.* at 9). Presently before the Court is TD Bank's motion for default judgment. (Dkt. Nos. 31–35).

For the reasons set forth herein, I respectfully recommend that TD Bank's motion for default judgment be granted in part and that it be awarded $161,776.43, itemized as follows: $136,098.33 in damages, $400 in costs, $25,278.10 in pre-judgment interest calculated from November 29, 2019 to the date of this Report and Recommendation; plus $44.74 in per diem prejudgment interest

1

through the date the Clerk of the Court enters judgment, and post-judgment interest calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961.

## BACKGROUND

As required by Rule 55 of the Federal Rules of Civil Procedure, the following facts are accepted as true:

TD Bank is a national banking association with its main office in Delaware and its main place of business in New Jersey. (Compl. ¶ 1). Concepcion is a New York corporation headquartered in New York. (*Id.* ¶ 2). Gashi is an individual residing in New York and/or California. (*Id.* ¶ 3).

On June 8, 2018, Defendants applied for and opened a merchant account with TD Bank for their purported general contracting business. (Compl. ¶¶ 8–9; Dkt. No. 1-1 at 4, 8). As part of the application process, Gashi agreed to and signed a merchant processing agreement ("MPA") on behalf of Concepcion and as a personal guarantor. (Compl. ¶ 9; Dkt. No. 1-1 at 8). Defendants used the account from June through November 29, 2018, when TD Bank terminated the account. (Dkt. Nos. 33 ("Demuth Decl.") ¶ 11; 33-1 at 2).[1]

Chargebacks are disputed or fraudulent transactions that are returned to a customer's bank account from a merchant's bank account. (Dkt. No. 1-1 at 29; *see also* Compl. ¶ 10). Numerous chargebacks accrued on Defendants' merchant account before and even after TD Bank terminated it.[2] (Dkt. No. 33 ("Demuth Decl.") ¶¶ 10, 12). Defendants failed to reimburse TD Bank for the

---

[1] Brad Demuth ("Demuth") is Vice President, Credit Risk Manager for Merchant Solutions for TD Bank. (Demuth Decl. ¶ 1).

[2] Chargeback descriptions include: "No Cardholder Authorization," "Non Receipt of Goods or Services," "EMV Counterfeit," among other customer complaints. (Demuth Decl. ¶ 12).

2

chargebacks. (Compl. ¶ 15). On October 16, 2019, TD Bank sent Defendants a demand letter seeking reimbursement for the chargebacks and related fees. (Compl. ¶ 18; Dkt. No. 1-2). TD Bank also emailed the demand letter to Gashi on October 29, 2019. (Compl. ¶ 19; Dkt. No. 1-3).

Defendants did not respond to the demand letters or make the payments demanded; and TD Bank filed this action on March 11, 2020. (Compl.). Defendants failed to answer or otherwise defend against this action and, at TD Bank's request, the Clerk of the Court entered Defendants' default. (Dkt. Nos. 15, 29). Your Honor referred to me for a report and recommendation TD Bank's subsequent motion for default judgment. (Order dated 1/6/2021).

## DISCUSSION

### I. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. *See* FED. R. CIV. P. 55. First, the plaintiff must request an entry of default from the clerk of the court. FED. R. CIV. P. 55(a); *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). If the clerk enters default against the non-responsive parties, the plaintiff must then move for a default judgment. FED. R. CIV. P. 55(b)(2).

Where, as here, the procedural requirements have been satisfied, the defaulting party is deemed to have admitted all well-pleaded factual allegations in the complaint, except as to damages. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court must then determine whether the well-pleaded facts establish the defaulting party's liability as a matter of law. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). A default does not "excuse any defects in the plaintiff's pleading." *Hernandez v. Delta Deli Mkt. Inc.*, No. 18-CV-00375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *5 (E.D.N.Y. Feb. 12, 2019) (citing

3

*Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 n.17 (2d Cir. 2015)), *adopted by* 2019 U.S. Dist. LEXIS 35304 (Mar. 4, 2019).

Damages are assessed separately, and a plaintiff need only prove that the compensation sought "naturally flow[s] from the injuries pleaded." *Greyhound*, 973 F.2d at 159. Further, a plaintiff's recovery of damages must reflect what was requested in the pleadings. *See* FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see also Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). If the court so chooses, an evidentiary hearing may be held to determine damages. FED. R. CIV. P. 55(b)(2). "[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). In determining damages, the court may rely on "detailed affidavits and documentary evidence," as well as the Court's personal knowledge of the record. *Id.*

## II. Choice of Law

A federal district court sitting in diversity applies the substantive law of the forum state, including that state's choice of law rules. *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012) (citing *Klaxon Co. v. Stenton Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496–97 (1941)). "Under the law of New York, the forum state, the first step in a choice of law analysis is to determine whether an actual conflict exists between the laws of the jurisdictions involved." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012) (citations omitted). An actual conflict exists when there are "relevant substantive differences that could have a significant impact on the outcome of the case." *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 332 (2d Cir. 2005). If there is no conflict, then a federal court in New York

4

should apply New York law. *See Alitalia Linee Aeree Italiane, S.p.A. v. Arline Tariff Publ'g Co.*, 580 F. Supp. 2d 285, 290 (S.D.N.Y. 2008).

The MPA is governed by Delaware law.[3] (Dkt. No. 1-1 at 20 § 30.1). There does not appear to be any conflict between the laws of New York and Delaware with respect to TD Bank's breach of contract claim. *See Two Locks, Inc. v. Kellogg Sales Co.*, 68 F. Supp. 3d 317, 326–27 (E.D.N.Y. 2014) (collecting cases). Accordingly, the undersigned has applied New York law.[4]

### III. Liability

Under New York law, a party alleging a breach of contact must prove the following: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."[5] *First Invests. Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994)).

TD Bank has established that it entered into an agreement with Defendants. TD Bank provided copies of the MPA entered into with Defendants, a card processing statement listing certain

---

[3] The MPA also includes an agreement for "Clover ® Services," which is governed by New York law. (Dkt. No. 1-1 at 36 § 23).

[4] The Court notes that the MPA contains a mandatory forum selection clause that TD Bank does not address. (Dkt. No. 1-1 at 20 § 30.1); *see Leviton Mfg. Co. v. Reeve*, 942 F. Supp. 2d 244, 256 (E.D.N.Y. 2013) (quoting *Brennen v. Phyto—Riker Pharms., Ltd.*, No. 01 Civ. 11815, 2002 WL 1349742, at *3 (S.D.N.Y. June 20, 2002)) ("A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language."). However "[t]he presence of a forum-selection clause does not deprive the disfavored forum of jurisdiction or venue, where the conditions of subject matter and *in personam* jurisdiction and proper venue are otherwise met." *Licensed Prac. Nurses, Technicians & Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 409 (S.D.N.Y. 2000); *see also Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 479 (S.D.N.Y. 2009) ("A forum selection clause does not, by itself, render venue in an alternative forum improper, as venue is improper only if the statutory venue requirements of 28 U.S.C. § 1391 have not been satisfied."). TD Bank has complied with all of the relevant requirements for subject matter and *in personam* jurisdiction and proper venue. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1391; Fed. R. Civ. P. 4; N.Y. BUS. CORP. § 306; (Order dated 6/23/2020).

[5] Under Delaware law "to state a breach of contract claim, the plaintiff must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (collecting cases).

5

chargeback transactions, and the demand letter in which TD Bank notified Defendants of their failure to pay. (Dkt. Nos. 1-1, 1-2, 1-3, 33-1; Demuth Decl.). Based on a review of the allegations in the Complaint, and the supporting documentation, TD Bank has established that a contract existed between itself and Defendants. (Compl. ¶¶ 9, 11–13, 18–30; Dkt. No. 1-1).

Pursuant to the MPA, Concepcion is responsible for payment to TD Bank "for the amount of any and all full or partial successful Chargebacks[,]" and is "obligated to reimburse [TD Bank] . . . for . . . all refunds, credits, Chargebacks and adjustments relating to transactions that [Concepcion] submit[ted] for processing." (Dkt. No. 1-1 at 12 §§ 12.2–12.3).[6] Gashi signed the MPA as a personal guarantor and agreed to be individually and severally "bound by all terms and provisions of this MPA to the same extent and in the same manner as [TD Bank]." (Compl. ¶ 9; Dkt. No. 1-1 at 8, 20 § 29.2). In addition, TD Bank alleged that it duly performed its contractual obligations by providing Defendants with use of a merchant account, (Compl. ¶23); that Defendants materially breached the contracts by failing to pay $141,347.42 in chargebacks to its account, (*id.* at ¶¶ 14, 26–27); and that TD Bank has suffered actual damages, (*id.* at ¶ 29). Accordingly, TD Bank has established its state law claim for breach of contract. *See Heartland Payment Sys., Inc. v. Island Pride Homes, Inc.*, No. 10-CV-1739 (ADS) (AKT), 2011 WL 4458988, at *4 (E.D.N.Y. Aug. 31, 2011) (applying New Jersey law), *adopted by* 2011 WL 4440380 (Sept. 23, 2011).

---

[6] Concepcion similarly "agree[d] to indemnify and hold [TD Bank], [TD Bank's] Affiliates and third party service providers harmless from and against losses, liability, damages, claims, penalties, costs, or expenses incurred arising from: (a) any breach or misrepresentation by [Concepcion] under this Agreement; (b) [Concepcion or Concepcion's] employees' or . . . agents' unlawful, willful, negligent or fraudulent action or omissions . . . (c) [Concepcion's] use of the Services." (Dkt. No. 1-1 at 20 § 29.1).

6

### IV. Damages

#### A. Unpaid Chargebacks

Given the detailed records TD Bank submitted with its motion, including the November 2018 card processing statement, as well as the affidavit of TD Bank Vice President, Credit Risk Manager for Merchant Solutions that supports the card processing statement and lists additional chargebacks that accrued after the account was terminated, (Demuth Decl.; Dkt. No. 33-1), I find that a hearing to determine damages is not necessary. Upon a calculation of all chargeback transactions, Defendants clearly owe TD Bank $135,858.33 in damages.[7]

TD Bank additionally asserts that Defendants owe $5,489.09 for "associated chargeback fees." (Demuth Decl. ¶ 17). Those fees appear to be associated with all transactions on Defendants' account in November 2018; however, only some of the transactions were chargebacks. (Dkt. No. 33-1 at 3–6). Two items under the "account fees" section of the card processing statement are labeled "CHARGEBACK FEE 9 TRANSACTIONS AT 15" and "AMEX CHARGEBACK FEE 7 TRANSACTIONS AT 15," amounting to $135 and $105, respectively. (*Id.* at 5 (emphasis added)). The Court is left only to speculate as to how the remaining fees are related to the chargebacks at issue. Therefore, the Court cannot award the full amount requested. Accordingly, I respectfully recommend that Your Honor award TD Bank damages in the amount of $136,098.33.[8] *See Heartland*, 2011 WL 4458988, at *4.

---

[7] This total represents the amount of chargebacks TD Bank covered after Defendants' account was closed ($214,143.33), plus the chargebacks listed in the November 2018 card processing statement ($37,600), less the amounts that TD Bank credited to Defendants' account ($38,240 + $77,645). (*See* Demuth Decl. ¶¶ 13–16; Dkt. No. 33-1).

[8] $135,858.33 + $135 + $105 = $136,098.33

B.  <u>Pre- and Post-Judgment Interest</u>

TD Bank also seeks pre-judgment interest on its claims. "It is well settled that state law applies to an award of prejudgment interest in a diversity action in federal court." *Palco Telecom Serv., Inc. v. Global Warranty Grp.*, LLC, No. 14-CV-4818 (ADS) (SIL), 2015 WL 10793120, at *3 (E.D.N.Y. Aug. 17, 2015), *adopted by* 2015 WL 7459922 (Nov. 24, 2015); *see also Four H Fashions, Ltd. v. Russell Newman Brands, LLC*, No. 11 Civ. 4669 (LTS), 2011 WL 6091548, at *2 n.1 (S.D.N.Y. Dec. 6, 2011) (quoting *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, 241 F.R.D. 451, 456–57 (S.D.N.Y.2007)) ("In a diversity case, prejudgment interest is controlled by the rule of the jurisdiction whose law determines liability."). "Under New York law, a plaintiff that prevails on a claim for breach of contract is entitled, as a matter of right, to prejudgment interest from the date of breach until the entry of final judgment." *Capital One, N.A. v. Auto Gallery Motors, LLC*, 16-CV-6534 (PKC) (SIL), 2020 WL 423422, at *6 (E.D.N.Y. Jan. 27, 2020) (quoting *Boyce v. Soundview Tech. Grp., Inc.*, No. 03 Civ. 2159 (HB), 2005 WL 627780, at *2 (S.D.N.Y. Mar. 17, 2005)); *see also* N.Y. C.P.L.R. § 5001(a).

Pre-judgment interest is awarded at the rate identified in the parties' contract. *See, e.g.*, *NML Cap. v. Republic of Argentina*, 621 F.3d 230, 240 (2d Cir.). District courts then have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Palco Telecom*, 2015 WL 10793120, at *3 (quoting *Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 512 (2d Cir. 1994)); *see also* N.Y. C.P.L.R. § 5001(b) ("Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.").

Pursuant to the MPA, Defendants must pay any amounts due "within 30 days of the due date set out in [TD Bank's] merchant statement or other communication with [Defendants]," at which time TD Bank may also charge interest at the rate of twelve percent per annum. (Dkt. No. 1-1 at 11 § 10.11). TD Bank does not identify the relevant "merchant statement" or otherwise explain how its calculations are consistent with the MPA.[9]

The demand letter TD Bank sent to Defendants is the only document before the Court that clearly indicates a due date for the outstanding chargebacks. (Dkt. No. 1-2 at 1; *see also* Dkt. No. 1-3 at 1 (extending the due date to November 12, 2019)). Therefore, I find that November 29, 2019[10] is a reasonable date from which to calculate the pre-judgment interest to which TD Bank is entitled. Accordingly, I respectfully recommend that TD Bank be awarded pre-judgment interest in the amount of $25,278.10[11] calculated from November 29, 2019 through today's date. I also respectfully recommend that TD Bank be awarded prejudgment interest after today's date through the date the Clerk of the Court enters judgment at a per diem rate of $44.74.[12]

TD Bank is additionally entitled to post-judgment interest. 28 U.S.C. § 1961. I respectfully recommend that TD Bank be awarded post-judgment interest from the date of entry of judgment in accordance with section 1961.

---

[9] Without justification, TD Bank calculated interest from the "status dates," the dates on which TD Bank covered each disputed transaction. (Demuth Decl. ¶ 21).

[10] The letter demanded payment by October 30, 2019. October 30, 2019 + 30 days = November 29, 2019. The Court notes that TD Bank extended the payment deadline to November 12, 2019 when it emailed the demand letter to Gashi on October 29, 2019. (Dkt. No. 1-3).

[11] ($136,098.33 x .12/365) x 565 days = $25,278.10

[12] $136,098.33 x .12/365 = $44.74

9

C.  Attorney's Fees and Costs

"Unless federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The MPA further provides for the award of "all attorney's fees, costs and expenses incurred by [TD Bank] in the enforcement of [Defendants] obligations under [the] Agreement." (Dkt. No. 1-1 at 20 § 30.2).

Although referenced in the Complaint, memorandum of law, and proposed judgment, (Compl. ¶ 30; Dkt. Nos. 31-1 at 2, 32 at 5, 7), TD Bank does not provide any supporting documentation for its requested attorney's fees or costs, such as contemporaneous billing records, invoices, or other receipts. Without supporting documentation, the Court cannot award attorney's fees or costs. *See, e.g.*, *Gevorkyan v. Judelson*, No. 13 Civ. 8383 (RMB), 2015 WL 6508324, at *1 (S.D.N.Y. Oct. 20, 2015); *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *10 (E.D.N.Y. May 9, 2016), *adopted by* 2016 WL 3102021 (June 2, 2016). The Court may take judicial notice of the District's filing fee. *See, e.g.*, *Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761 (KAM) (SMG), 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013). Therefore, I respectfully recommend that TD Bank be awarded costs in the amount of $400. (*See* Dkt. No. 1 Entry dated 3/11/2020, noting "filing fee $ 400, receipt number ANYEDC-12523625.").

Accordingly, I respectfully recommend that Your Honor deny TD Bank's request for attorney's fees and grant its request for costs only to the extent that it be awarded $400.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Your Honor grant Plaintiff's motion for default judgment. Judgment should be entered on Plaintiff's breach of contract claim for

$161,776.43, itemized as follows: $136,098.33 in damages, $400 in costs, $25,278.10 in pre-judgment interest calculated from November 29, 2019 to the date of this Report and Recommendation; plus $44.74 in per diem prejudgment interest through the date the Clerk of the Court enters judgment, and post-judgment interest calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric N. Vitaliano within fourteen days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

/s/ Ramon E. Reyes, Jr.

RAMON E. REYES, JR.
U.S. Magistrate Judge
Dated: June 15, 2021